**Harchand SINGH, Petitioner**

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
**Respondent.**

**No. 04–3329.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 14, 2005.

Decided Aug. 22, 2005.

Harchand Singh, Colonia, NJ, pro se.

Linda S. Wernery, William C. Peachey, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ROTH, MCKEE and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Harchand Singh has filed a petition for review of an order of the Board of Immigration Appeals (BIA), denying his third motion to reopen his removal proceedings. On April 19, 2004, we denied his petition for review from the BIA's June 2, 2003 order denying his second motion to reopen. *See Singh v. Ashcroft*, No. 03–2811. Following our denial, Singh filed a third motion to reopen. Attached were affidavits from neighbors and family members stating that the police were bothering them "time and again" concerning Singh's whereabouts, and that his life would be in danger if he returned to India. The BIA denied the motion to reopen as numerically barred and time barred. It also determined that Singh had not established "changed circumstances" sufficient to overcome the time and number limits.

As Singh is aware, we review the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir.2003). Singh's third motion was clearly numerically barred and untimely. Further, the affidavits he attached do not show any changed circumstances. The affiants do not state that the police questioning is anything new; further, evidence that police are questioning his family and neighbors would not compel the BIA to find that the matter should be reopened. 8 C.F.R. § 1003.2(c)(3)(ii). Singh has not shown that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law. *See Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994).

We will deny the petition.